2026 Tex. Bus. 51



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| REVERE TACTICAL OPPORTUNITIES FUND IV, LP and REVERE TACTICAL OPPORTUNITIES REIT, LLC, *Plaintiffs* <br><br> v. <br><br> MONTE K. LEE-WEN, *Defendant* <br><br><br> WESTSIDE FLATS OWNER LLC and CG SUNSET LAND, LLC, *Plaintiffs* <br><br> v. <br><br> REVERE TACTICAL OPPORTUNITIES FUND IV, LP; REVERE TACTICAL OPPORTUNITIES REIT, LLC; RC 2101 HAYES, LLC; and RC SUNSET, LLC, *Defendants* | § § § § § § § § § § § § § § § § § § § § § § | Cause No. 25-BC01B-0064 (consolidated with 26-BC01B-0019) |

## MEMORANDUM OPINION AND ORDER
## REGARDING PROPER NOTICE OF INTENT TO SELL

[¶ 1]   A pivotal issue in this case is whether a lender's notices of intent to foreclose sent by email and UPS next-day delivery satisfied deed of trust and Texas Property Code § 51.002(b)(3)'s requirements that such notices be sent by certified mail.[1] The court concludes as a matter of law that the lender's UPS notices sufficed for two reasons:

- First, the contracts provide that all notices required or permitted to be given shall be *considered* proper if given by delivery to an independent, third-party commercial delivery service for same day or next-day delivery service.

- Second, Texas law permits alternative service methods that do not delay the notice time that certified mail would provide.

[¶ 2]   Also at issue is whether notice to a debtor's designated agent is notice to the debtor.[2] Based on this record, the court concludes as a matter of law that the lender's notice to the debtor's designated notice agent was sufficient.

[¶ 3]   Finally, the lender also seeks partial summary judgment against debtor's wrongful foreclosure claims because debtor failed to give timely notice of its allegations; a condition precedent to suing.[3] The court concludes

---

[1] *See* The Revere Parties' May 8, 2026, Rule 166(g) Motion for Determination of Legal Matters (Revere's 166(g) Mot.) at 12-19.

[2] *See* Revere's 166(g) Mot. at 19-22.

[3] *See* The Revere Parties' April 13, 2026, Traditional Motion for Partial Summary Judgement Regarding a Condition Precedent (Revere's PMSJ).

that lender's motion is mooted by the court's prior determination in lender's favor regarding the sufficiency of its written notice.

## I. BACKGROUND

[¶ 4] This case concerns Revere Tactical Opportunities Fund IV, LP and Revere Tactical Opportunities REIT, LLC's (collectively, Revere's) foreclosure on two real properties that secured a loan Revere made to Westside Flats Owner LLC. When Westside defaulted, Revere sent notices of its intent to sell the properties at a foreclosure sale. Although the deeds of trust and Property Code § 51.002(b)(3) required Revere to send the notices by "certified mail," Revere sent them by email and UPS next-day delivery. It is undisputed that the "debtor" received the notices no later than when it would have received the notices had Revere sent them by certified mail.

[¶ 5] Another issue is whether a required notice to "CG Sunset Land, LLC"—addressed to Casoro Group, LLC—was proper notice to CG Sunset where (i) it is undisputed that Casoro Group received the notice and (ii) the deed of trust designated it and its address as CG Sunset's address:[4]

---

[4] Appendix to [The Revere Parties'] March 26, 2026, Motion for Partial Summary Judgment (Revere's App.) at 146. The Revere Parties' April 13, 2026, Traditional Motion for Partial Summary Judgement Regarding a Condition Precedent relied on evidence previously submitted with their March 26, 2026, Motion for Partial Summary Judgment. For convenience, the court relies on the March 26th motion's appendix for all record citations.

**DEED OF TRUST,
SECURITY AGREEMENT, AND FINANCING STATEMENT**

THIS DEED OF TRUST, SECURITY AGREEMENT, AND FINANCING STATEMENT (as amended, modified or restated from time to time, this "*Deed of Trust*") is made on the date stated below by Grantor in favor of Trustee, for the benefit of Secured Party, who are identified and whose addresses are stated below. By signing this Deed of Trust, Grantor agrees to the terms and conditions and makes the covenants stated in this Deed of Trust.

"**EFFECTIVE DATE**":  Effective as of February 1, 2024

"**GRANTOR**":  CG SUNSET LAND, LLC
c/o Casoro Group, LLC
9050 N. Capital of Texas Hwy., Suite 320
Austin, Texas 78759
Attention: Monte K. Lee-Wen

[¶ 6]   Also at issue is Revere's Traditional Motion for Partial Summary Judgment Regarding a Condition Precedent, in which it argued that Westside's alleged failure to comply with its notice of default requirements defeated Westside's causes of action against Revere.

## II.   DISCUSSION

### A.   Revere's Rule 166(g) Motion (UPS Notice Delivery)

### 1.   Contract Notice

[¶ 7]   This case involves two properties that secured Revere's loan to Westside. Section 7.02 of both deeds of trust required Revere to send notice of intent to sell the properties by "certified mail" at least twenty-one days before the sale.[5]   However, Revere sent its notices by UPS next-day delivery (and email).

---

[5] Revere's App. at 135, 151.

[¶ 8]  Westside argues that Revere's failure to send the notices by certified mail materially breached the contract, caused a wrongful foreclosure, and created Westside's right to set aside the foreclosure sales.[6]

[¶ 9]  Revere relies on the deeds of trust's § 8.03 statement that

> All notices or other communications required or permitted to be given pursuant to this Deed of Trust shall be in writing and shall be considered as properly given if . . . (iii) by delivery to an independent third party commercial delivery service for same day or next day delivery and providing for evidence of receipt at the office of the intended addressee.[7]

[¶ 10]  Westside counters that § 8.03 is a general provision subordinate to § 7.02's more specific certified mail requirement.  *Cf. Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 587 (Tex. 2023) (specific contract provisions usually control over general ones).

[¶ 11]  Based on all applicable rules of contract construction, the court concludes as a matter of law that (i) the deeds of trust are unambiguous on this issue and (ii) "all" means "all."  And the canon that specific controls over general applies to only "conflicting contract provisions."  *See id.* at 587 n.88 (internal quotations and citations omitted).  But §§ 7.02 and 8.03 do not conflict: § 7.02 says certified mail is required, and § 8.03 says same day or

---

[6] Westside Flats Owner LLC and CG Sunset Land, LLC's Original Petition (Westside Pet.) ¶s 14-16, 31, 33.
[7] Revere's App. 138-39, 154-55.

next-day delivery "shall be considered as proper[]" notice, *i.e.*, they will be deemed proper even if technically improper. *See Deem*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("1. To treat (something) as if (1) it were really something else, or (2) it has qualities that it does not have. 2. To consider, think, or judge."). For § 8.03 to serve a function, it must apply where a notice would otherwise be technically improper.

[¶ 12]  Accordingly, by stating that compliance with § 8.03 means that such notices will be "considered" to comply with other deed of trust notice requirements, the parties contemplated that strict compliance with § 7.02's requirements was not needed if the commercial delivery service produced an equivalent result.

### 2.  Statutory Notice

[¶ 13]  Property Code § 51.002(b)(3)'s terms require serving written notice of the sale by certified mail.

[¶ 14]  However, case law distinguishes between notices of an intent to sell and of a completed sale. For the former, alternative service suffices if the debtor receives timely notice. *See Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n.6 (5th Cir. 1989) ("[W]here the debtor actually timely receives the notice required by section 51.002(b)(3) there is a sufficient

compliance with that requirement."); *Dagher v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-3575-B, 2016 WL 4138631, *3 (N.D. Tex. 2016); *see generally Hausmann v. Texas Sav. & Loan Ass'n*, 585 S.W.2d 796, 799-800 (Tex. Civ. App.—8th Dist. 1979, writ ref'd n.r.e.) (strict compliance not required); *Forestier v. San Antonion Sav. Ass'n*, 564 S.W.2d 160, 163 (Tex. Civ. App.—8th Dist. 1978, writ ref'd n.r.e.) (actual notice sufficient).

[¶ 15]   Here, it is undisputed that Westside (or its agent) received the notices at least as soon as if Revere had sent the notices by certified mail.[8] Accordingly, the court concludes as a matter of law that Revere sufficiently complied with Property Code § 51.002(b)(3).

### 3.   Proper Address

[¶ 16]   CG Sunset Land, LLC pledged one of the parcels at issue.  CG Sunset claims it received no notice of intent to sell its property because Revere's notice was not addressed to "CG Sunset," although it concedes that its designated agent for receiving that notice received it at the designated

---

[8] *See* Westside Pet. ¶ 15.

street address. [9]  Specifically, that deed of trust's page one specified CG Sunset's address as follows:[10]

> **CG SUNSET LAND, LLC**
> c/o Casoro Group, LLC
> 9050 N. Capital of Texas Hwy., Suite 320
> Austin, Texas 78759
> Attention: Monte K. Lee-Wen

[¶ 17]  Here, it is undisputed that Revere sent its notice to Casoro Group, LLC at that address.  (And it is undisputed that Casoro Group, LLC (and Lee-Wen) received the notice).[11]  Notice to an agent is notice to the principal when acting in the scope of their employment.  *Wellington Oil Co. v. Maffi*, 136 Tex. 201, 150 S.W.2d 60, 63 (Tex. 1941).  So, as a matter of law, CG Sunset received the notice.  Omitting "CG Sunset Land, LLC" from the address line was immaterial.  *See Hausmann*,  585 S.W.2d at  799 (strict compliance not required); *Forestier*, 564 S.W.2d at 163 (actual notice sufficient).

**B.     Revere's Traditional Motion for Partial Summary Judgment Regarding a Condition Precedent (Default Notice to Revere)**

[¶ 18]  Revere's traditional motion for partial summary judgment argues that Westside cannot complain about Revere's failure to send its

---

[9] *See* Westside Flats Owner LLC and CG Sunset Land, LLC's June 2, 2026, Response the Revere Parties' Rule 166(g) Motion for Determination of Legal Matters (Westside's Resp.) at 17.
[10] Revere's App. at 146,
[11] *See* Westside's Resp. at 17.

notices of intent to sell by certified mail because Westside did not give timely notice of that defect.[12] The court's rulings in part II(A) obviate the court's need to decide Revere's condition precedent issues at this time.

[¶ 19] Accordingly, the court denies Revere's Traditional Motion for Partial Summary Judgment Regarding a Condition Precedent without prejudice.

### III. CONCLUSION

[¶ 20] For the reasons stated in part II, the court (i) grants the Revere Parties' Rule 166(g) Motion for Determination of Legal Matters and (ii) denies without prejudice the Revere Parties' Motion for Partial Summary Judgment Regarding a Condition Precedent.

[¶ 21] This is not a final and appealable judgment.

It is so ORDERED.

BILL WHITEHILL
Judge of the Texas Business Court,
First Division

SIGNED: July 28, 2026

---

[12] *See generally* Revere's PMSJ.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 117924289
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order Regarding Proper Notice of Intent to Sell
Status as of 7/29/2026 8:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Morgan DMeyer | | morgan.meyer@wickphillips.com | 7/28/2026 5:26:17 PM | SENT |
| Daniel Durell | | daniel.durell@troutman.com | 7/28/2026 5:26:17 PM | SENT |
| Camille Youngblood | | camille.youngblood@wickphillips.com | 7/28/2026 5:26:17 PM | SENT |
| Jeff Mills | | jeff.mills@wickphillips.com | 7/28/2026 5:26:17 PM | SENT |
| Toni Thompson | | toni.thompson@wickphillips.com | 7/28/2026 5:26:17 PM | SENT |
| Business Court 1B | | BCDivision1B@txcourts.gov | 7/28/2026 5:26:17 PM | SENT |